IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROY FERRELL, et al.,

                Plaintiffs,

v.                                           CIVIL ACTION NO. 2:07-cv-00300

JIM WALTER HOMES, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' motion to remand [Docket 5]. For the following reasons, the court **GRANTS** the plaintiffs' motion.

**I.**     **Background**

Plaintiffs initially filed this case against defendants, Jim Walter Homes, Inc. ("JWH") and Walter Industries, Inc. ("Walter"), in the Circuit Court of Boone County, West Virginia on March 28, 2007. In April of 1997, the plaintiffs contracted with JWH for the purchase of a new home. Plaintiffs assert that the home was not constructed as promised and, therefore, claim that JWH breached the contract. Plaintiffs also bring claims based on breach of express and implied warranties. Plaintiffs claim to have suffered "serious, and substantial damages," and that they will "continue . . . to suffer economic loss, as a result of incurring substantial costs to repair or, in the alternative will continue to suffer from a diminution in the fair market value of their home." (Compl. ¶ 11.) Although the complaint does not state the amount in controversy, the plaintiffs request a judgment against the defendant for compensatory, incidental, and punitive damages.

On May 10, 2007, defendant JWH filed a Notice of Removal on the grounds of diversity jurisdiction. In response, the plaintiffs filed their Motion to Remand. The plaintiffs assert that the court lacks diversity jurisdiction over this case because the defendant has failed to prove that the amount in controversy confers jurisdiction upon this court.

**II.    Analysis**

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441 (2006). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.*

Removal in the present case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . ." Because the plaintiffs are residents of West Virginia and the defendants are foreign corporations with their principal places of business outside of West Virginai, diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a)(1). Still, the court must determine whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. 1332(a). This and other courts in this district have adopted a preponderance of the evidence standard to determine whether the amount in controversy exceeds $75,000. *See*, *e.g.*, *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). The defendant, therefore, bears the burden of proving by a preponderance of the evidence that

the amount in controversy exceeds $75,000. To do so, the defendant "must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Sayre*, 32 F. Supp. 2d at 886.

This court is not limited, however, by either party's presentation of the evidence. It may "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Sayre*, 32 F. Supp. 2d at 886 (quoting *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936-37 (S.D. W. Va. 1996). For purposes of determining subject matter jurisdiction, the court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Anther factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal . . .

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997); *Sayre*, 32 F. Supp. 2d at 886.

In the present case, the plaintiffs assert that the primary issues in this case revolve around damages for repairs made to their roof, which did not exceed $5,000 and the failure by JWH to add square footage to a certain part of their home as contracted for.[1] According to the plaintiffs, Alvin Powell, P.h.D inspected the house and issued a report regarding the defects in construction. Dr. Powell's report estimated the total cost of repair at $7,797.12. (Pls.' Mot. Remand, Ex. 1.) Plaintiffs

---

[1] Plaintiffs claim that JWH extended the footage of the house in the wrong location and in a different room than the one that was contracted for. (Pls.' Mot. Remand, Ex. 1.)

further assert that their verbally communicated settlement offer of $20,000 bolsters their argument that the amount in controversy is well within the jurisdictional limit.

JWH counters that the allegations in the complaint provide some evidence that the amount in controversy meets the jurisdictional limits. Specifically, the defendant argues that the face of the plaintiffs' complaint indicates that the contract price for the home in question amounted to $173,448.00. In addition, the defendants contend that the plaintiffs' allegations that they have suffered "serious and substantial damages, past and future economic loss," diminution in the fair market value of their home, along with the plaintiffs' prayer for compensatory, incidental and punitive damages are sufficient to satisfy the preponderance of the evidence standard.

I do not agree that the contract price for the plaintiffs home carries the weight that the defendant suggests. Plaintiffs do not seek reimbursement for the cost of their home. Rather, the plaintiffs are seeking to recover damages, *inter alia*, for the cost of repairs allegedly necessary to conform the home to the specifications set forth in the JWH contract. The repairs to the plaintiffs roof and the estimated repair costs for alleged defects in the construction of the plaintiffs home amount to less than $13,000. It is likely that whatever repair costs and diminution in fair market value of the home that the plaintiffs have suffered amounts to considerably less than $75,000. Further, although settlement offers are not determinative of the amount in controversy, "they do count for something." *Contraguerro v. Hall*, 2007 U.S. Dist. LEXIS 34209, at *5 (N.D. W. Va. 2007) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). In this case, the plaintiffs have offered to settle this entire matter for $20,000, which is less than one-third of the requisite amount in controversy. As for the plaintiffs' claims for punitive damages, the plaintiffs have made no bad faith

allegations or allegations of gross negligence or recklessness that would warrant a punitive damage award.

Based on the allegations contained in the complaint and the exhibits submitted in support of the instant motion, I **FIND** that the defendant has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Although the complaint is silent as to any specific amount of monetary damages and the plaintiff has made no demand, the evidence before the court indicates an amount in controversy substantially below $75,000 in this case.

This action is not one over which this court has jurisdiction under 28 U.S.C. § 1331. Nor does the court have original jurisdiction. Accordingly, the court hereby **REMANDS** this action to the Circuit Court of Boone County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy of this Order to the Clerk of the Circuit Court of Boone County, West Virginia.

    ENTER:    June 11, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE